PREGERSON, Circuit Judge,
Dissenting.
I disagree with the majority’s conclusion that the arbitration agreement “clearly and unmistakably” provided that the question whether this dispute is arbitrable must be resolved by the arbitrator. I agree with the district court that “it is clear that the parties’ arbitration agreement does not encompass representative claims.”
Under California law, ambiguities in a contract must be resolved against the drafter. Cal. Civ.Code § 1654 (West 1982); see Weeshoff Constr. Co. v. Los Angeles County Flood Control List., 88 Cal.App.3d 579, 587-88, 152 Cal.Rptr. 19 (Cal.App.1979) (where a written contract includes some “uncertainty of meaning, [the contract] must be construed against the drafter”).
Here, the arbitration agreement states that “a claim can only be arbitrated on an individual basis and not as a class action.” The agreement also provides that “[i]f any party elects arbitration with respect to a claim, neither you [plaintiff Aceves] nor we [defendant Autonation] will have the right ... to participate as a representative or member of any class or claimants pertaining to such claim.” These provisions suggest that the arbitration agreement does not prohibit class actions but only prohibits arbitration of those class actions. The arbitration agreement, therefore, should be interpreted to cover only individual claims, not class action claims. Under the arbitration agreement, any questions about the scope of that agreement concerning individual claims are to be decided by the arbitrator; but this is not an individual claim. This is a class action. The arbitration agreement here prohibits arbitration of class action claims.[1]
I believe that the district court did have the authority to resolve this dispute, and I would therefore affirm the district court’s decision denying defendant’s motion to compel arbitration concerning the scope of the agreement.

. An alleged waiver of the right to bring class action claims such as these would be substantively unconscionable. Both the Ninth Circuit and California courts have recognized that one-sided waivers of the right to bring or arbitrate any class action are substantively unconscionable. Ingle v. Circuit City Stores, 328 F.3d 1165, 1175-76 (9th Cir.2003). Such a waiver is inherently one-sided because it serves to protect only one party to the agreement; here, the defendant corporations. Id. The corporate defendants in this case would never have occasion to sue Ariza and the other class members in a class action, representative action, or private attorney general action. A prohibition against such claims would operate only to the benefit of the defendants by insulating them from class-wide liability for claims brought against them in a representative capacity on behalf of die general public.